**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ESSENCE JORDAN RIVIERE,

Plaintiff,

- v -                                                          Civ. No. 1:10-CV-548
                                                                    (GTS/RFT)
STEPHANIE COLLINS, *et al.*,

Defendants.

**APPEARANCES:**                                      **OF COUNSEL:**

ESSENCE JORDAN RIVIERE
Plaintiff, *Pro Se*
c/o 2135 Madison Ave.
Apt. 1D
New York, New York 10037

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

                    **REPORT-RECOMMENDATION and ORDER**

  The Clerk has sent to the Court a civil rights Complaint filed by *pro se* Plaintiff Essence

Jordan Riviere, along with an Application to Proceed with this Matter *in forma pauperis* (IFP).  Dkt.

No. 1, Compl.; Dkt. No. 2, IFP App.

  Turning first to Plaintiff's Motion to Proceed *in Forma Pauperis*, after reviewing her

Application, this Court finds that she may properly proceed IFP.  Dkt. No. 2.

  Our review of Plaintiff's submission, however, does not end there for we must also, pursuant

to 28 U.S.C. § 1915(e)(2), review the adequacy of the stated claims within the Complaint.  In

bringing this action, Plaintiff utilized a *pro forma* complaint typically used for civil rights

complaints brought pursuant to 42 U.S.C. § 1983, and she references § 1983 in the "Jurisdiction"

portion of her pleading.  Compl. at ¶ 1.  Nevertheless, the civil cover sheet reflects a host of other

causes of action purportedly forming the basis for this federal action, like "Torts" (personal injury and fraud); "Racketeer Influenced and Corrupt Organizations" (RICO), and "Civil Rights" (including "Housing/Accommodations" and "Welfare").  It is not clear how other statutes or recourse are invoked in this litigation, and so we continue with the presumption that she has brought this action pursuant to § 1983.

In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege that (1) "some person has deprived him of a federal right," and (2) "the person who has deprived him of that right acted under color of state . . . law."  *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).  At the outset, it is not clear what federal right Plaintiff asserts she has been denied.  The crux of her story is with regard to a custody battle over her children.  However, much of the Complaint is devoid of allegations against named individuals.  It reads more like a narrative of a very sad tale, but lacks much in the way of specific acts of constitutional wrongdoing.  In this regard, there seems to be a lack of personal involvement attributable to many of the named Defendants, such as Governor David Paterson, Cynthia Sutherds, Esq., Jeffrey S. Berkun, Esq., and Michael Flaum, Esq.  Furthermore, several individuals named as Defendants are private citizens and it is unclear how, even if it is alleged that they trampled on her personal rights, they acted under color of state law.  Traditionally, the definition of acting under color of state law requires that the section 1983 defendant "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  *Kern v. City of Rochester*, 93 F.3d 38, 43 (2d Cir. 1996) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotation marks and citation omitted)).  For these reasons, we recommend **dismissing** from this action the following named Defendants for failure to state a claim against them: 1) Stephanie

Collins; 2) David A. Paterson; 3) Da-Sean M. Willis; 4) Cynthia Sutherds, Esq.; 5) Jeffrey S. Berkum, Esq.; and 6) Michael Flaum, Esq.

The only remaining Defendant is the John Doe Deputy Sheriff, though it is unclear what county this Defendant was employed by, but we can presume it is Albany County given the facts alleged. While a County Sheriff can be said to have acted under color of state law, a greater hurdle presents itself. It appears that the events giving rise to the initiation of this law suit took place in 2004, when her son was allegedly removed from her custody, and then in 2005, when her newborn daughter was removed for her custody. These matters occurred outside the three-year limitations period allotted for civil rights actions. *See, e.g., Pauk v. Bd. of Trustees of City Univ. of New York*, 654 F.2d 856, 859 (2d Cir. 1981) (federal claim accrues when the plaintiff "knows or has reason to know" of the injury that is the basis for his action); *Bailey v. Tricolla*, 1995 WL 548714, at *3 (E.D.N.Y. Sept. 12, 1995) (noting that in the absence of a congressional dictate as to a limitations period, we apply the most appropriate state statute of limitations, which, for 1983 actions is the general personal injury statute setting forth a limitations period of three years); *see also Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (noting that the applicable limitations period for § 1983 actions in New York is three years); N.Y.C.P.L.R. § 214(5). Thus, we recommend **dismissing** this entire action as untimely.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion to Proceed with this Matter *in Forma Pauperis* (Dkt. No. 2) be **granted**; and it is further

**RECOMMENDED**, that this entire action be **dismissed** for failing to state a claim and because it is untimely; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   May 28, 2010
        Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge