UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ESSENCE JORDAN RIVIERE,

                          Plaintiff,

v.                                           1:10-CV-0548
                                                        (GTS/RFT)

STEPHANIE COLLINS; JOHN DOE,
Deputy Sheriff; DAVID A. PATERSON,
Governor; DA-SEAN M. WILLIS;
CYNTHIA SUTHERDS, ESQ.;
JOHN DOES; JEFFREY S. BERKUN, ESQ.;
MICHAEL FLAUM, ESQ.; and
KAREN TURMEL,

                          Defendants.
_____

APPEARANCES:                                                 OF COUNSEL:

ESSENCE JORDAN RIVIERE
  Plaintiff, *Pro Se*
28 Trinity Place
Basement Apt.
Albany, New York 12202

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court in this *pro se* civil rights action filed by Essence Jordan Riviere ("Plaintiff") is United States Magistrate Judge Randolph F. Treece's Report-Recommendation recommending that Plaintiff's Complaint be dismissed in its entirety. (Dkt. No. 7.) For the reasons set forth below, the Report-Recommendation is accepted and adopted, and Plaintiff's Complaint is dismissed in its entirety.

**I.     RELEVANT BACKGROUND**

    **A.     Plaintiff's Complaint**

Plaintiff filed her Complaint on May 11, 2010. (Dkt. No. 1.) Generally, in her Complaint, Plaintiff alleges that the above-captioned Defendants played some role in the removal of her son and daughter from her custody in 2004 and 2005. (*Id*.) However, it is not clear what federal right(s) Plaintiff asserts she has been denied. (*Id*. at 6 [asserting claims of [1] "wrongful[] accus[ation] of run[n]ing down [a] hospital hallway after a C-section su[r]gery," [2] "witness[ing] [of] . . . inappropriate behavior," and [3] "slander"]; *cf. id.* at 3 [asserting claims of "op[p]ression, abduction[,] fraud, slander, cruelty[,] maltreatment, abuse, physical verbal mental to tourcher [sic]"].) For a more detailed recitation of the allegations and claims in Plaintiff's Complaint, the Court refers the reader to the Complaint in its entirety, and Magistrate Judge Treece's description of that Complaint in his Report-Recommendation. (Dkt. Nos. 1, 7.)

    **B.     Magistrate Judge Treece's Report-Recommendation**

On May 28, 2010, Magistrate Judge Treece issued a Report-Recommendation recommending that Plaintiff's Complaint be dismissed for the following reasons: (1) Plaintiff has failed to allege facts plausibly suggesting the personal involvement of the named Defendants, and (2) Plaintiff's Complaint is untimely pursuant to N.Y.C.P.L.R. § 214(5). (Dkt. No. 7, at 2-3.) For the sake of brevity, the Court will not recite Magistrate Judge Baxter's particular findings of fact and conclusions of law in this Decision and Order, which is intended primarily for the review of the parties.

Plaintiff has not filed any Objections to the Report-Recommendation, and the time in which to do so has passed.

## II.    STANDARD OF REVIEW

### A.    Standard of Review Governing a Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made to a magistrate judge's report-recommendation (or the objecting party merely repeats the allegations of his pleading), the Court reviews for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

      [1]    On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse discretion in denying plaintiff's request to present additional testimony where he "offered no justification for not offering the testimony at the hearing before the magistrate").

      [2]    *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

B.      **Standard of Review Governing Dismissals Pursuant to 28 U.S.C. § 1915(e)(2)**

The Court possesses the authority, and indeed the duty, to *sua sponte* dismiss Complaints for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). This is because Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that–. . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B) [emphasis added]. Similarly, Section 1915A(b) directs that a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).[3]

Furthermore, the Court need not afford *pro se* civil rights litigants prior leave to amend where, as here, the pleading defects in the claim arise not from a lack of factual allegations, but the fact that the claim is simply not actionable, such that leave would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (noting that an opportunity to amend should be denied where "the problem with [plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it.").

---

[3] *See also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both Sections 1915 and 1915A are available to evaluate prisoner *pro se* complaints); *Benitez v. Ham*, 04-CV-1159, 2009 WL 3486379, at *7 (N.D.N.Y. Oct. 21, 2009) (Mordue, C.J. adopting Lowe, M.J.) ("[E]ven where a defendant has not advanced . . . a failure-to-state-a-claim argument on a motion for summary judgment, a district court may, *sua sponte*, address whether a pro se prisoner has failed to state a claim upon which relief may be granted.").

III.   ANALYSIS

After carefully reviewing all of the papers herein, including Magistrate Judge Treece's Report-Recommendation, the Court can find no error (clear or otherwise) in the Report-Recommendation. Magistrate Judge Treece employed the proper standards governing Plaintiff's claims, accurately recited the facts giving rise to those claims, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety, and Plaintiff's Complaint is dismissed in its entirety.

The Court will add only two points. First, the Report-Recommendation would survive even a *de novo* review. Second, as discussed in Magistrate Judge Treece's Report-Recommendation, the events giving rise to this action allegedly took place well before the three-year statutory time limitation for civil rights actions pursuant to N.Y. C.P.L.R. § 214(5). (Dkt. No. 7, at 3.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Treece's Report-Recommendation (Dkt. No. 7) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety.

Dated:   August 20, 2010
         Syracuse, New York

*[signature]*
Hon. Glenn T. Suddaby
U.S. District Judge